**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

March 24, 2020

Writer's Direct Contact
+1 (212) 468.8016
RWhite@mofo.com

By ECF Filing
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re:   *United States v. Michael L. Cohen*, 17 CR 544 (NGG)

Dear Judge Garaufis:

We represent defendant Michael Cohen in connection with the above-referenced case. This letter is submitted to request that the Court issue an order pursuant to 18 U.S.C. § 3582(c) reducing Mr. Cohen's sentence to time served as a result of the "extraordinary and compelling" circumstances caused by the coronavirus pandemic.

On November 19, 2019, the Court sentenced Mr. Cohen to three months incarceration. He self-surrendered to FCI Berlin in Berlin, New Hampshire on January 29, 2020 and is currently serving his sentence. He is scheduled to be released on April 27, 2020, meaning he has 34 days left to serve.

Under § 3582 (c)(1)(A)(i), upon motion of a defendant, the Court may modify a previously-imposed sentence where "extraordinary and compelling reasons warrant such a reduction."[1] There are several factors supporting this request. First, Mr. Cohen is confined in a BOP facility that has a confirmed case of coronavirus. Last week, the BOP confirmed that an employee at FCI Berlin who had been in contact with inmates had tested positive for the coronavirus. *See First Cases of Coronavirus in the Federal Prison System Identified*, CNN (3/18/20), available at https://www.cnn.com/world/live-news/coronavirus-outbreak-03-18-20-intl-hnk/h_a54cf26ba807b067b5118719ea785eb5 and *Federal Prison Staffer in Berlin Tests Positive for COVID-19*, Nashua Telegraph (3/19/20), available at

---

[1] Under this section, a defendant may file a motion with the Court after the Bureau of Prisons ("BOP") has denied his request for it to make such a motion, or has failed to act on such a request in 30 days. Here, given the rapidly developing nature of the coronavirus pandemic, such a request to BOP would be wholly futile and a meaningless bureaucratic hurdle. In any event, the government does *not* object to Mr. Cohen filing this motion with the Court despite the fact that he has not exhausted his administrative remedies (although it does not consent to the relief requested in the motion).

ny-1887737 v4

MORRISON | FOERSTER

The Honorable Nicholas G. Garaufis
March 24, 2020
Page Two

https://www.nashuatelegraph.com/news/nh-news-apwire/2020/03/19/federal-prison-staffer-in-berlin-tests-positive-for-covid-19/.  As the Court is aware, even routine infectious diseases spread rapidly in the close living conditions in prisons and present serious health problems.  In the case of the current coronavirus pandemic, Bureau of Prisons employees themselves have complained that widespread shortages of necessary supplies at BOP facilities are placing lives at risk.  *See Federal Prison Workers Say Conflicting Orders on Coronavirus Response is Putting Lives at Risk*, CBS News (3/19/20), available at https://www.cbsnews.com/news/coronavirus-prison-federal-employees-say-conflicting-orders-putting-lives-at-risk-2020-03-19/.  Indeed, a group of 15 United States senators recently wrote a letter to the Director of the BOP expressing their urgent concern that "the uncontained spread of coronavirus in federal prisons and jails endangers the federal prison staff, the inmate population *and the general public*."  See https://www.warren.senate.gov/imo/media/doc/2020-03-09%20Senator%20Warren%20Letter%20to%20BOP%20re%20Coronavirus.pdf (emphasis added).  Similarly, the Chairman of the House Judiciary Committee recently wrote the Attorney General urging DOJ to "act now to save lives," by using "all available powers and authorities…including furlough and compassionate release…to reduce the number of federal prisoners."  *See* https://judiciary.house.gov/uploadedfiles/2020-03-19_letter_to_ag_barr_re_covid19.pdf.  The House Committee also implored that, "where possible, DOJ should create new emergency mechanisms to reduce imprisoned and incarcerated populations."  *Id.*

Second, there is a strong possibility that, if Mr. Cohen remains incarcerated until April 27, he will then be unable to return to his family in England for an extended period of time as a result of coronavirus-related travel restrictions, even though he is a dual U.S. and British citizen.  For example, last week, the U.S. State Department issued an advisory directing Americans outside the United States to return home immediately and warning that border closings and other travel restrictions may result in them being "forced to remain outside the United States for an indefinite timeframe."  *See* https://travel.state.gov/content/travel/en/traveladvisories/ea/travel-advisory-alert-global-level-4-health-advisory-issue.html#.XnPGMe7_HNU.twitter.  There is a possibility that the United Kingdom, where Mr. Cohen and his family reside, and which is experiencing a rapidly accelerating coronavirus crisis, may impose similar restrictions and Mr. Cohen will be unable to return home.  This would leave Mr. Cohen's wife alone with three children during this crisis.  Indeed, last week in Parliament, the British Secretary for State for Foreign and Commonwealth Affairs warned British citizens who were abroad or considering traveling abroad of "the risk that they may not be able to get home if travel restrictions are subsequently put in place that they had not anticipated."  *See* March 17, 2020 Covid-19 Update in U.K. Parliament.  Although the border has not yet been closed, the British government has been imposing increasingly strict containment measures as the coronavirus crisis grows there, including announcing just yesterday that it is ordering a "virtual

MORRISON | FOERSTER

The Honorable Nicholas G. Garaufis
March 24, 2020
Page Three

lockdown" of the entire country, representing "the most draconian restrictions on the British people since World War II." *See Britain Placed Under a Virtual Lockdown by Boris Johnson,* New York Times (March 23, 2020), available at https://www.nytimes.com/2020/03/23/world/europe/coronavirus-uk-boris-johnson.html.

This unique set of circumstances is "extraordinary and compelling" and warrants a modest reduction of Mr. Cohen's sentence under section 3582(c) to time served. To begin with, Mr. Cohen is a non-violent offender and presents no risk to society if released slightly early. The requested reduction would amount to a little over 30 days, and Mr. Cohen would still have served almost two months of his three month sentence. The advisory guideline range at his sentencing was 0 to 6 months, so even a two-month sentence would still be in this range. In sentencing Mr. Cohen, the Court indicated that it believed that a jail sentence was appropriate for Mr. Cohen for general deterrence purposes. *See* November 18, 2019 Sentencing Transcript ("Sent. Tr.") at 31 ("we need to sentence individuals in such a way that…others who might do the same kind of acts understand that…if you are caught, you go to jail. Maybe not for a long time, but you go to jail."). That message has been sent; that purpose has been accomplished. As all prisoners are, Mr. Cohen has been subject to the daily indignities of jail. *See United States v. Mateo*, 299 F. Supp. 2d 201, 210 (S.D.N.Y. 2004) (noting "the countless humiliations and indignities commonly associated with" incarceration). There is no meaningful additional deterrent or retributive effect of a three-month prison sentence compared to a two-month sentence. As Your Honor has previously observed: "Let me be clear: any amount of prison time is a serious amount of prison time." *United States v. Johnson,* 2018 WL 1997975 at * 5. Moreover, if released, Mr. Cohen presents no risk to the community and does not need to be supervised by authorities in any way, as the Court recognized when it declined to impose any supervised release conditions following his incarceration. Sent. Tr. at 32.

This motion is not an attempt by Mr. Cohen to avoid responsibility for his actions; he accepted the Court's judgment and was completely prepared to serve the full sentence imposed by the Court and even voluntarily surrendered early to begin serving it. Instead, this motion is being made only due to the extraordinary circumstances presented by the coronavirus pandemic and Mr. Cohen's understandable desire to be with his family during this historic crisis. In the last week, courts have recognized that the growing coronavirus pandemic presents unique and compelling circumstances. *See United States v. Huneeus*, 19 CR 10117 (D. Mass. March 17, 2020), Order (ECF No. 642) at 1 (granting § 3582(c)(1)(A)(i) motion of defendant who had approximately 15 days remaining on sentence and reducing sentence to time served because defendant's health conditions made him vulnerable to coronavirus); *United States v. Barkman*, 2020 U.S. Dist. Lexis 4526, 19 CR 52 (D. Nev. March 17, 2020), Order (ECF No. 21) at 2, 4 (ordering defendant's surrender date suspended for at least 30 days, ruling that "with confirmed [coronavirus] cases that indicate community spread, the time is now to take action to protect vulnerable populations and the

ny-1887737 v4

MORRISON | FOERSTER

The Honorable Nicholas G. Garaufis
March 24, 2020
Page Four

community at large," and noting that Secretary of State Pompeo had previously objected that it "defied basic human decency" for Iran to hold American citizens in prisons where coronavirus had spread); *United States v. Stephens*, 2020 WL 1295155, 15 CR 95 (AJN) (S.D.N.Y. March 19, 2020) at *1 (reversing pretrial detention order and releasing defendant in firearms prosecution to house arrest due to "the unprecedented and extraordinarily dangerous nature of the COVID-19 pandemic"); *United States v. Raihan*, 20 CR 68 (BMC) (JO) (E.D.N.Y. March 12, 2020), Bail Hearing Transcript (ECF No. 20) at 10 (deciding to continue a criminal defendant on pretrial release rather than order him remanded to the Metropolitan Detention Center due, in part, to the Magistrate Judge's recognition of the fact that "[t]he more people we crowd into that facility, the more we're increasing the risk to the community").

While Mr. Cohen does not have an underlying medical condition that would place him among those most vulnerable to the coronavirus, he is nonetheless at heightened risk of becoming infected since he is in one of the only federal prison facilities with a confirmed case of coronavirus.  A federal prison with large groups of men living in close quarters, with no room for social distancing or isolation of sick inmates, as well as a lack of advanced medical care, is a perfect setting for serious health consequences for the inmates, and for fueling the spread in the general public.  By contrast, outside prison walls, all across the country, federal, state and local governmental authorities are taking extraordinary steps like lockdowns and other extreme closures – even at the cost of economic devastation –in order to avoid having individuals infected with the virus at all.  Releasing a non-violent offender like Mr. Cohen approximately 30 days early to avoid the spread of infection to him and others is an appropriate step, both for the individual and the public health, as numerous public officials and other commentators have recognized.

In addition, the substantial risk that, if Mr. Cohen is required to serve his full sentence, he could be forced to remain separated from his children during this crisis, is plainly a factor that was not known to the Court at the time of sentencing and which alters the balance of the sentencing factors under 18 U.S.C. § 3553(a).  If the result is that Mr. Cohen must serve his 3-month sentence *plus* an indefinite period of separation from his family during the most extreme and harrowing crisis of our times, that would amount to greater punishment than the Court intended or is warranted.

As a result, we respectfully request that the Court modify Mr. Cohen's sentence pursuant to section 3582(c)(1)(A)(i) to time served.

ny-1887737 v4

MORRISON | FOERSTER

The Honorable Nicholas G. Garaufis
March 24, 2020
Page Five

Respectfully submitted,

_____/s/_____
Ronald G. White

cc:   Government counsel (by ECF)

ny-1887737 v4