MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

April 17, 2020

Writer's Direct Contact
+1 (212) 468.8016
RWhite@mofo.com

By ECF Filing
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re:   *United States v. Michael L. Cohen*, 17 CR 544 (NGG)

Dear Judge Garaufis:

We represent defendant Michael Cohen in connection with the above-referenced case. This letter is submitted to request that the Court issue an order pursuant to 18 U.S.C. § 3582(c) [1] permitting Mr. Cohen to serve the last week of his sentence on unsupervised home confinement at his parents' home in Maine. The government has advised the defense that it takes no position with respect to this motion.

On November 19, 2019, the Court sentenced Mr. Cohen to three months incarceration. He self-surrendered to FCI Berlin in Berlin, New Hampshire on January 29, 2020 and is currently serving his sentence. He was originally scheduled to be released on April 27, 2020. On March 25, 2020, the Court denied a motion by Mr. Cohen under § 3582(c) to modify his sentence to time served based upon the risk that he would be exposed to the coronavirus and could be unable to return to his family in the U.K. Subsequently, however, Attorney General William Barr, in response to the threat that COVID-19 posed to the prison population and the general public, issued a directive to the Bureau of Prisons ("BOP") ordering it to prioritize its use of its various statutory authorities to grant home confinement to inmates meeting certain criteria. *See* March 26, 2020 Memorandum of the Attorney General. The Attorney General directed that, in order to protect the public, any inmate granted such home confinement must

---

[1] Under § 3582 (c)(1)(A)(i), upon motion of a defendant, the Court may modify a previously-imposed sentence where "extraordinary and compelling reasons" warrant such a change. Under this section, a defendant may file a motion with the Court after the Bureau of Prisons ("BOP") has denied his request for it to make such a motion, or has failed to act on such a request in 30 days. Here, given the rapidly developing nature of the coronavirus pandemic and the short time left on Mr. Cohen's sentence, such a request to BOP would be wholly futile and a meaningless bureaucratic hurdle. The government did *not* object to Mr. Cohen filing his previous motion with the Court despite the fact that he had not exhausted his administrative remedies. With respect to the instant motion, the government takes no position with respect to the exhaustion of remedies issue.

first be placed in an extended quarantine prior to his release. *Id*. at 2. Mr. Cohen was subsequently identified by BOP as an inmate who could be appropriately released to serve the remainder of his sentence on home confinement. Mr. Cohen was then scheduled to be released to home confinement at his parents' home in Maine on Monday, April 20. As a result, on April 7, he began his quarantine period, during which he was placed in the prison's Special Housing Unit ("SHU"), where he is confined alone in his cell for 23 hours per day and is unable to communicate through email or telephone calls with family or anyone else. Recently, the BOP informed Mr. Cohen's legal team that, despite meeting BOP's criteria for release to home confinement, he will not be released on April 20. Based on our communications with BOP, it is our understanding that this is because his home confinement of one week must be supervised by the U.S. Probation Office in Maine, and that office is not available to do so because it is closed due to the pandemic until May. Mr. Cohen's family was informed yesterday by an employee at FCI Berlin that he will instead be released on his original release date (April 27) and that he will remain in 23-hour-a-day lockdown in the SHU until then.

Under these unique circumstances, Mr. Cohen respectfully requests that the Court modify his sentence to end the imprisonment portion of his sentence as of April 20 and order him to serve the remaining week of his sentence on unsupervised home confinement at his parents' home in Maine. Mr. Cohen's release to home confinement is appropriate under BOP's own criteria and is in accordance with the DOJ policies outlined in Attorney General Barr's March 26 memorandum. As far as we understand, the only impediment to his release on April 20 is the fact that the U.S. Probation Office in Maine is unavailable to "supervise" him. But Mr. Cohen does not need to be supervised by authorities in any way – much less for just a week – as the Court recognized when it declined to impose any supervised release conditions following his incarceration. *See* November 18, 2019 Sentencing Transcript at 32. Thus, the only modification we seek from what BOP originally determined was appropriate for Mr. Cohen is that the last week of his sentence in home confinement be unsupervised, instead of supervised. This unique set of circumstances is "extraordinary and compelling" and warrants the slight modification of Mr. Cohen's sentence under § 3582(c). Moreover, this type of modification is expressly authorized in § 3582(c)(1)(A), which provides that a court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)."

In addition, the fact Mr. Cohen will have been confined in the SHU 23 hours a day for two weeks – which are undoubtedly harsher prison conditions than the Court envisioned at the time of his sentencing – means that his sentence will not be any less punitive, on balance, than his original term, even if the Court grants this request. Indeed, if he is required to serve the remainder of his sentence until April 27 at FCI Berlin, he will have served 20 days in the

SHU –almost a quarter of his total sentence – which is clearly more punitive than the Court intended or is warranted.

As a result, we respectfully request that the Court modify Mr. Cohen's sentence as described above pursuant to section 3582(c)(1)(A)(i).

Respectfully submitted,


_____/s/_____
Ronald G. White

cc: Government counsel (by ECF)